## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 14-22798-CIV-LENARD/GOODMAN

VIVIAN AMKIE ABADI,

     Plaintiff,

v.

BEST MERIDIAN INSURANCE
COMPANY,

     Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
### VERIFIED MOTION FOR ATTORNEY'S FEES

United States District Judge Joan A. Lenard referred [ECF No. 22] to the Undersigned Plaintiff Vivian Amkie Abadi's ("Abadi") Verified Motion for Attorney's Fees ("Motion"). [ECF No. 21]. Plaintiff is seeking $11,385.00 in attorney's fees. Defendant Best Meridian Insurance Company ("BMIC") filed a Response in Opposition [ECF No. 23], and Plaintiff filed a Reply [ECF No. 24]. The Undersigned has reviewed the Motion, the Response, the Reply, and other relevant portions of the record. For the reasons set forth below, the Undersigned **RESPECTFULLY RECOMMENDS** that the Motion be **DENIED**.

## I.  BACKGROUND

Abadi filed this action in the Eleventh Judicial Circuit in Miami-Dade County, Florida, alleging that BMIC wrongfully ceased providing coverage for her multiple sclerosis treatments. [ECF No. 21, p. 1, n. 1].   On July 30, 2014, BMIC, a Florida corporation, filed a Notice of Removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). [ECF No. 1]. Noting that BMIC was a resident defendant and removal was barred under 28 U.S.C. § 1441(b), otherwise known as the "forum defendant rule," Abadi's counsel contacted BMIC's counsel on August 7, 2014, to ask whether it would oppose a motion to remand. [ECF No. 21, p. 3, n. 10]. BMIC's counsel, who was out of the jurisdiction on vacation, did not agree to remand at that time, explaining that she would need to first discuss the matter with her client. [*Id*. at p. 3, n. 11].

On August 11, 2014, BMIC's counsel contacted Abadi's counsel and conditionally agreed not to oppose the motion to remand in exchange for Abadi not pursuing attorney's fees. [ECF No. 21, p. 4]. **Abadi did not agree to the condition.** [*Id*.]. The next day, Abadi's counsel contacted BMIC's counsel to inquire whether it would agree not to oppose the motion *even if* Abadi would seek attorney's fees. [ECF No. 21, p. 4, n. 15]. BMIC agreed not to oppose the motion to remand if it had the right to review the motion prior to filing. [*Id*.]. On August 13, 2014, Plaintiff filed her Unopposed Motion to Remand, invoking the forum defendant rule. [ECF No. 10].

On August 14, 2014, the District Court granted Plaintiff's Unopposed Motion to Remand the case under 28 U.S.C. § 1447(c) because Defendant is a citizen of Florida, and removal is procedurally barred under section 1441(b). [ECF No. 12]. This Court retained jurisdiction for the limited purpose of considering an award of attorney's fees to Plaintiff pursuant to section 1447(c). [*Id*.].

## II.    LEGAL STANDARD – ATTORNEY'S FEES UNDER 28 U.S.C. § 1447

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has determined that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no presumption in favor of awarding fees simply because the removal is ultimately unsuccessful. *Bauknight v. Monroe Cnty., Fla.,* 446 F.3d 1327, 1329 (11th Cir. 2006).

Under 28 U.S.C. § 1441(b), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the . . . defendants is a citizen of the state in which such action is brought." Courts have interpreted this forum defendant rule as **procedural** and subject to waiver by the plaintiff, rather than a non-waivable *jurisdictional* rule. *See Plombco Inc. v. TBC Retail Group, Inc.,* 13-81026-CIV, 2013 WL 5863571, at *1 (S.D. Fla. Oct. 31, 2013) ("The

3

overwhelming majority of circuit courts, the Eleventh Circuit included, has held that the forum defendant rule is procedural, not jurisdictional, and is therefore no bar to removal by a resident defendant."); *Pacheo de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 n. 4 (11th Cir. 1998) ("removal of a case with resident defendants is a procedural defect . . . [but] the defect is *waivable*") (emphasis in original).

Section 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Because the forum defendant rule is not a jurisdictional defect, the plaintiff may, under section 1447(c), "either move to remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006); *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) ("Because removal by a forum defendant . . . does not deprive a federal court of subject matter jurisdiction, it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal."); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 21, 28 (7th Cir. 2000) ("[W]e join the longstanding line of authority that holds that the forum defendant rule is nonjurisdictional" and therefore waivable); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1258 (11th Cir. 1999) (interpreting the 1996 revised version of 28 U.S.C § 1447(c) to mean that "a removal in violation of 1441(b) is subject to the 30-day time limit").

### III.    ANALYSIS

The Undersigned **respectfully recommends** that Plaintiff's Verified Motion for Attorney's Fees be **denied** because Defendant had an objectively reasonable basis for seeking removal as Plaintiff and Defendant are diverse parties under 28 U.S.C. § 1332(a).

Plaintiff argues that Defendant did not have an objectively reasonable basis for removal because Defendant was a resident of Florida, and as such, removal was in violation of 28 U.S.C. § 1441(b). [EFC No. 24, p. 3]. Plaintiff cites to the general proposition that such a removal is barred. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (finding that the forum defendant rule would have barred removal by non-forum defendants if an in-state defendant had been properly served prior to removal); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("For removal under 28 U.S.C. §1441(b) to be proper, no defendant can be a citizen of the state in which the action was brought"). While all cases cited by Plaintiff unambiguously interpret section 1441(b) as barring removal by in-state defendants, each case *does not* address the **nature of the defect** in such removal.

Additionally, Plaintiff asserts that a court must judge the reasonableness at the time of removal, meaning that compliance with section 1441(b) or Plaintiff's willingness to waive section 1441(b) should be evident on the face of the removing documents. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (finding that a court must judge

reasonableness of removal "on the basis of the removing documents"); *Martin*, 546 U.S. at 141 (holding that an award of fees is appropriate under section 1447(c) if the court finds that the defendant did not have an "objectively reasonable" basis for removing the action to federal court). Nevertheless, the cases cited by Plaintiff speak only *generally* to the reasonableness standard for removal and do not address removal *in the context of the forum defendant rule*.

### A.  Entitlement to Attorney's Fees

The general criteria set forth by Plaintiff do not directly address the Eleventh Circuit precedent that the forum defendant rule is *procedural* in nature and, therefore, not an automatic bar to removal. *See Pacheo de Perez*, 139 F.3d at 1373 n. 4 ("removal of a case with resident defendants is a procedural defect . . . [but] the defect is *waivable*") (emphasis in original); *Borg-Warner Leasing v. Doyle Elec. Co.*, 733 F.2d 833, 835 n. 2 (11th Cir. 1984) (concluding that plaintiff waived removal by the resident defendant because "the case proceeded without objection to consideration on the merits"); *see also Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) ("[The forum defendant rule] is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction."); *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012) ("We hold that removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C § 1447(c)."); *Denman ex re. Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) ("[T]he presence of an

6

instate defendant is a procedural defect that is waived unless raised within thirty days of removal.").

Removal in violation of the forum defendant rule is a procedural defect because it does not affect the subject matter jurisdiction of this Court. In other words, even in the face of a 1441(b) violation, this case has met the requirements for diversity jurisdiction and could have initially been filed in this Court. *See Hurley*, 222 F.3d at 380 (The "case as it arrived in federal court met every requirement for federal jurisdiction: it simply took the wrong path, in a sense, because there was an in-state defendant."). Because the case was filed in *state* court, however, Defendant's removal was subject to the forum defendant rule. Defendant's removal in violation of that rule was a procedural defect under section 1447(c) where "any defect other than lack of subject matter jurisdiction" triggers the requirement that "a motion to remand . . . be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Alternatively, Plaintiff could have waived the forum defendant rule and remained in federal court. *See Pacheo de Perez*, 139 F.3d at 1372 n. 4 (finding that removal in violation of section 1441(b) is a procedural defect that is waivable by the plaintiff). Therefore, Plaintiff's assertion that the forum defendant rule bars removal by an in-state defendant is technically correct, but removal is barred only to the extent that violation of the rule gives rise to Plaintiff's choice to waive or file a remand motion.

A procedural defect does not render removal objectively unreasonable and therefore give a plaintiff the right to recover fees. *See Plombco*, 2013 WL 5863571, at *2 ("Given this procedural framework adopted by the majority of circuits [regarding the forum defendant rule], Defendant had an objectively reasonable basis to remove this case . . .  [and so] there is no basis for an award of fees or costs"); *see also Ferrari v. Safeco Surplus Lines Ins. Co.*, 09-80152-CIV, 2009 WL 1738350 at *1 (S.D. Fla. Jun. 18, 2009) (denying attorney's fees to the plaintiff because the defendant's failure to file a timely response to the plaintiff's motion to remand was a procedural defect). Because BMIC's removal in violation of the forum defendant rule was only a procedural defect, it was objectively reasonable for Defendant to remove this case under section 1332(a) diversity jurisdiction.

Plaintiff cites two cases where the court granted an award of fees following remand pursuant to the forum defendant rule. [ECF No. 21, p. 8]. However, these cases are not analogous to the current situation because the defect in those matters was *not procedural*; rather, it was a nonwaivable lack of subject matter jurisdiction. First, in *Tran v. Waste Mgmt.*, 290 F. Supp. 2d 1286, 1296 (M.D. Fla. 2003), the court awarded fees after concluding that there was no fraudulent joinder of the non-diverse defendant because the plaintiff was a citizen of Florida and one of the defendants was a "Florida corporation with its principal place of business in the state of Florida." Because complete diversity was lacking in *Tran*, the court lacked subject matter jurisdiction. The

second case cited by Plaintiff is *Hallman v. Unique Vacations Inc.*, Case No. 10-23534-civ-Altonaga/Brown, 2010 U.S. Dist. LEXIS 138919, (S.D. Fla. Oct. 19, 2010). There, the court awarded fees based on the same lack of subject matter jurisdiction. These cases differ from the instant matter because, even though BMIC removed in violation of the forum defendant rule, this Court *still* has subject matter jurisdiction over the case because the parties are completely diverse.

In her Reply, Plaintiff attempts to distinguish the instant case from *Plombco,* where the court denied an award of fees because removal in violation of section 1441(b) was a procedural defect. Plaintiff points to the court's language stating that "Defendant's conduct *subsequent* to the invocation of the forum defendant rule was also objectively reasonable." *See Plombco*, 2013 WL 5863571, at *2 (emphasis added). Based on this isolated quote, Plaintiff claims that BMIC's *subsequent conduct* was unreasonable in that it withheld "its consent to remand, then consented conditionally, and finally consented without condition but was uncooperative in the subsequent remand." [ECF No. 24, p. 6]. This argument is unpersuasive.

The Undersigned is not convinced that "unreasonableness of subsequent conduct" is a sufficient ground upon which to base an award of fees. A single line in the *Plombco* case, without further elaboration by that court, is *dicta* and does not provide a rule of law on which this Court can base an award of fees.

Moreover, if the Court is going to travel down the road of assessing reasonableness, Abadi herself may well be deemed unreasonable when she initially refused to agree to BMIC's request that she not seek fees in exchange for its consent to remand. Had Abadi made that agreement early on, then a substantial portion of the fees she seeks to recover would never have been incurred.

Because the forum defendant rule is procedural, the parties' diversity was enough to provide BMIC an objectively reasonable basis to remove the case. Had Abadi recognized this principle early on, she would have (or should have) agreed not to seek fees in exchange for BMIC's consent to remand. Therefore, the Undersigned **respectfully recommends** that Plaintiff's Verified Motion for Attorney's Fees be **denied**.

## B. Amount of Attorney's Fees

In the event that the District Court disagrees with the Undersigned's recommendation that Plaintiff's Verified Motion for Attorney's Fees be denied, the reasonableness of Plaintiff's requested fees is addressed below.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This

lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The plaintiff bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

1. *Reasonable Hourly Rate*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the prevailing market rate, the Undersigned should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. Mar. 12, 1996) (referring to factors set out in *Johnson,* 488 F.2d at 717-18). The Undersigned may use his own experience in assessing the reasonableness of attorney's fees and may form an independent judgment either with or without witnesses. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *see also Crescenzo v. Healthcare Revenue Recovery Grp., LLC*, No. 11-60384-CIV, 2012 WL 291431, at *2 (S.D. Fla. Jan. 31, 2012).

11

Abadi seeks fees at the hourly rate of $210.00 for lead counsel Claudette Fornuto ("Fornuto"), $275.00 for counsel Adam Butkus ("Butkus") and $375.00 for counsel Jay Walker ("Walker"). [ECF No. 21-3, pp. 1-4]. BMIC does not oppose the requested hourly rates. Fornuto has been a licensed attorney in the state of Florida since 2014, and focuses on commercial litigation. [ECF No. 21-2]. Butkus has been a licensed attorney in the state of Florida since 2008, and specializes in commercial litigation. [*Id*.]. Walker has been a licensed attorney in the state of Florida since 2000, and specializes in real property litigation. [*Id*.].

The party seeking fees "is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). Plaintiff's counsel provides documentation of their hourly rates but no evidence that those rates are reasonable. However, where the party seeking fees presents inadequate documentation, the Court may determine a reasonable award based on its own experience. *See Norman*, 836 F.2d at 1303. The Undersigned finds the rates of Ms. Fornuto and Mr. Walker to be somewhat high in light of the services rendered.

First as to Ms. Fornuto, the Undersigned finds an hourly rate of $150 to be more appropriate. *See Squire v. Geico Gen. Ins. Co.*, 12-23315-CIV, 2013 WL 474705, at *1-2, *5 (S.D. Fla. Feb. 7, 2013) (reducing the hourly rate of an attorney working on an insurance matter, with two years of experience, from $350 to $150). Next, as to Mr. Walker, the

Undersigned finds an hourly rate of $325 to be more appropriate. *See Squire*, 2013 WL 474705 at *1-2, *5 (reducing the hourly rate for an attorney working on an insurance matter, with twelve years of experience, from $500 to $325); *Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-81157-CIV, 2013 WL 6729648, at *1 (S.D. Fla. Aug. 2, 2013) (reducing hourly rates for an attorney working on an insurance matter with twenty-five years of experience from $580 to $400.) The Court finds reasonable Mr. Butkus' $275 hourly rate. *See Nation Motor Club Inc.*, 2013 WL 6729648, at *2 (reducing hourly rates for two attorneys working on an insurance matter, with five and seven years of experience, from $340 to $200 and $360 to $250 respectively).

   2.   *Reasonable Hours Expended*

Next, the Undersigned must evaluate the reasonableness of the total hours expended by Abadi's attorneys. The Undersigned should exclude from the fees award compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Undersigned may determine a reasonable award based on his own experience. *Id.* at 1303.

Here, as set out in her Motion and attached time sheets, Abadi seeks 40 hours for attorney Fornuto, 8.4 hours for attorney Butkus, and 1.8 hours for attorney Walker. [ECF No. 21-3, pp. 1-5]. As the objecting party, BMIC must supply "specific and 'reasonably precise'" proof and objections "concerning hours that should be excluded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting

*Norman*, 836 F.2d at 1301). BMIC argues that Plaintiff spent extensive and, therefore, not compensable time, researching, drafting, and analyzing the motion to remand prior to communicating with BMIC's counsel on whether BMIC would agree to remand. [ECF No. 20, p. 10]. The Court finds this argument unpersuasive. Even if BMIC would agree not to oppose remand, it was reasonable for Plaintiff to research and begin drafting a Motion for Remand that she would inevitably file, opposed or unopposed.

However, the Undersigned finds that the hours expended by Plaintiff's counsel *beyond* conferring with Defendant on whether it would oppose remand, drafting the initial Opposed Motion to Remand, and the instant Motion for Attorney's Fees are excessive and unnecessary. On August 7, 2014, pursuant to Local Rule 7.1, Plaintiff properly conferred with Defendant, inquiring whether it would oppose her Motion to Remand. [ECF No. 21, p. 3, n. 10]. Having failed to reach an agreement, Plaintiff's counsel, confident that remand was legally proper based on the invocation of the forum defendant rule, could have drafted and filed her Opposed Motion to Remand and waited for Defendant's response.

Instead, Plaintiff engaged in an unnecessary course of communication with Defendant in hopes of convincing it to unconditionally agree to remand. [ECF No. 21, pp. 3-4, n. 10-16]. During that time, "Plaintiff continued to draft an opposed version of the motion for remand, until it was nearly complete." [ECF No. 21, p. 11]. Plaintiff simultaneously billed unnecessary hours for communications with Defendant asking it

14

not to oppose remand even if Abadi would seek attorney's fees. [ECF No. 21, p. 4, n. 15]. Plaintiff acquired Defendant's consent but on the condition that Defendant could review the motion prior to filing. [*Id.*]. This unnecessary concession resulted in Plaintiff expending numerous hours writing a new, unopposed motion to remand and tailoring that motion to Defendant's liking (**for a total of three revisions**). [ECF No. 21, p. 5, n. 17]. Although the Undersigned appreciates the effort to resolve a dispute by negotiations, there reaches a point where such discussions are time-wasters, such as the scenario here, where three separate versions of the motion were drafted.

For these reasons, the Undersigned finds that any award of fees should be limited to the time spent researching and drafting the *initial* Opposed Motion to Remand and the Motion for Attorney's Fees. After a review of Plaintiff counsel's time sheet [ECF No. 21-3, pp. 1-5], the Undersigned finds the following hours expended as reasonable:

As to Ms. Fornuto, the Undersigned finds reasonable the 11.9 hours [CF1-CF11, CF24-CF25][1] spent researching, drafting, and editing the initial Opposed Motion to Remand. [ECF No. 21-3, p. 1-2]. The Court also finds reasonable the 12.7 hours [CF37-CF38, CF40-CF48, CF58-CF65] expended researching, drafting, revising, and filing the instant Motion for Attorney's Fees. [ECF No. 21-3, pp. 2-5].

---

[1]    References to "CF" are to attorney Claudette Fornuto's time sheet entries found in the cited exhibit.

As to Mr. Butkus, the Undersigned finds reasonable the 8.4 hours [AB3-AB13][2] expended reviewing and analyzing the case's removal, remand, as well as the instant Motion for Attorney's Fees. [ECF No. 21-3, p. 4]. Finally, as to Mr. Walker, the Court finds reasonable 1.8 hours [JW1; JW2][3] billed for his analysis of BMIC's removal and conference with co-counsel regarding remand. [ECF No. 21-3, p. 4]. Based on these determinations, the Undersigned respectfully recommends that in the event the District Court finds Abadi to be entitled to attorney's fees, the following amount should be awarded:

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Ms. Fornuto | $150 | 24.6 | $3,690 |
| Mr. Butkus | $275 | 8.4 | $2,310 |
| Mr. Walker | $325 | 1.8 | $585 |
| | | | **$6,585** |

## IV.    CONCLUSION

For the reasons state above the Undersigned **respectfully recommends** that Plaintiff's Verified Motion for Attorney's Fees be **denied** because Defendant had an objectively reasonable basis to remove the case under section 1332(a) diversity

---

[2]    References to "AB" are to attorney Adam Butkus' time sheet entries found in the cited exhibit.

[3]    References to "JW" are to attorney Jay Walker's time sheet entries found in the cited exhibit.

16

jurisdiction. In the event that the District Court grants Plaintiff's Motion, the Undersigned recommends that the Court award Abadi **$6,585** in attorney's fees against Defendant BMIC.

## V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other party's objection within 14 days of the objection. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, June 24, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record

17