UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22798-CIV-LENARD/GOODMAN

**VIVIAN AMKIE ABADI,**

    Plaintiff,

v.

**BEST MERIDIAN INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER ADOPTING IN PART THE REPORT OF THE MAGISTRATE JUDGE (D.E. 25) AND GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES (D.E. 21)

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Jonathan Goodman ("Report," D.E. 25), filed June 24, 2015, recommending the Court deny Plaintiff's Verified Motion for Attorney's Fees ("Motion," D.E. 21), or, alternatively, to award an amount lower than that requested. Plaintiff Vivian Amkie Abadi filed Objections to the Report on July 8, 2015, ("Objections," D.E. 26), to which Defendant Best Meridian Insurance Company ("BMIC") filed a Response on August 4, 2015, ("Response," D.E. 29). Upon review of the Report, Objections, Response, and the record, the Court finds as follows.

**I.    Background**

On June 24, 2014, Abadi, a citizen of Mexico, filed this action in Florida state court alleging that BMIC wrongfully stopped providing coverage for her multiple

sclerosis treatments.  (See Compl., D.E. 1-2 ¶¶ 9, 12.)  On July 30, 2014, BMIC, a Florida corporation, filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (D.E. 1 ¶ 2.)  Noting that BMIC was a resident defendant and removal was barred under 28 U.S.C. § 1441(b)—otherwise known as the "forum defendant rule"—Abadi's counsel contacted BMIC's counsel on August 7, 2014, to ask whether she would oppose remand.  (Report at 2.)  BMIC's counsel, who was out of the jurisdiction on vacation, did not agree to remand at that time, explaining that she would need to first discuss the matter with her client.  (Id.)

On August 11, 2014, BMIC's counsel contacted Abadi's counsel and conditionally agreed not to oppose the motion to remand in exchange for Abadi not pursuing attorneys' fees.  (Id.)  Abadi did not agree to the condition.[1]  (Id.)  The next day, Abadi's counsel contacted BMIC's counsel to inquire whether it would agree not to oppose the motion even if Abadi sought attorneys' fees.  (Id.)  BMIC agreed not to oppose the motion to remand if it had the right to review the motion prior to filing.  (Id.)  On August 13, 2014, Plaintiff filed her Unopposed Motion to Remand, invoking the forum defendant rule.  (See D.E. 11.)

On August 14, 2014, the Court entered an Order granting the Unopposed Motion for Remand under 28 U.S.C. § 1447(c) because the removal was procedurally barred under Section 1441(b).  (D.E. 12.)  However, the Court retained jurisdiction "for the

---

[1] Abadi objects to this finding, stating that she never declined any offer and only inquired about the significant legal fees already incurred.

limited purpose of considering an award of costs and attorney's fees to Plaintiff pursuant to 28 U.S.C. section 1447(c)[.]" (Id.)

## II. Report and Objections

### a. Report and Recommendation

On June 24, 2015, Judge Goodman issued his Report and Recommendations. He initially noted that, in general, an attorneys' fee award under 28 U.S.C. § 1447(c) is warranted "'only where the removing party lacked an objectively reasonable basis for seeking removal.'" (Report at 3 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).) He further noted that the forum defendant rule, 28 U.S.C. § 1441(b), prohibits removal where, as here, diversity is the only basis for federal jurisdiction and the defendant is a citizen of the state in which the action was brought. (Id. at 3, 5.) However, Judge Goodman concluded that BMIC "had an objectively reasonable basis for seeking removal as Plaintiff and Defendant are diverse parties under 28 U.S.C. § 1332(a)." (Id. at 5.) Judge Goodman reasoned that although removal was barred by the forum defendant rule, the defect is not "jurisdictional" but "procedural"—that is, Plaintiff could have or waived the defect and stayed in federal court. (Id. at 7.) Judge Goodman concluded that "[a] procedural defect does not render removal objectively unreasonable and therefore give a plaintiff the right to recover fees." (Id. at 8 (citing Plombco Inc. v. TBC Retail Grp., Inc., No. 13–81026–CIV, 2013 WL 5863571, at *2 (S.D. Fla. 2013); Ferrari v. Safeco Surplus Lines Ins. Co., No. 09–80152–Civ, 2009 WL 1738350, at *1 (S.D. Fla. 2009)). Accordingly, he recommends the Court deny Plaintiff's Motion for Attorney's Fees. (Id. at 10.)

3

Judge Goodman further recommended that in the event the Court finds that Abadi is entitled to an award of attorneys' fees, the following reasonable hourly rates should apply: $150 per hour for Attorney Claudette Fornuto (down from the $200 requested);[2] $325 per hour for Attorney Jay Walker (down from the $375 requested); and $275 per hour for Attorney Adam Butkus, as requested. (Id. at 12-13.) Judge Goodman further found that Ms. Fornuto reasonably expended 24.6 hours (down from the 40 reported); Mr. Butkus reasonably expended the 8.4 hours reported; and Mr. Walker reasonably expended the 1.8 hours reported. (Id. at 16.) Accordingly, Judge Goodman recommends that in the event that the Court finds that Plaintiff is entitled to attorneys' fees, the amount awarded should be $6,585. (Id.)

    b.    **Objections**

First, Abadi argues that although a violation of the forum defendant rule is a defect that can be waived, there is no allegation that she ever waived it; therefore, BMIC cannot establish that the removal was objectively reasonable at the time of removal. (Objections at 3-4.) Second, she argues that an award of attorneys' fees does not hinge on whether a violation of the forum defendant rule is deemed "procedural" or "jurisdictional." (Id.) Third, she argues that the reasonableness of removal must be analyzed at the time of removal, (id. at 5 (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007); Destel v. McRoberts Protective Agency, Inc., 2004 WL 746293 (S.D. Fla. 2004)); however, the Report would suggest that the law allows BMIC to rely on an unknown,

---

[2] The Report states that Attorney Fornuto quoted a reasonable hourly rate of $210 per hour. (See Report at 12.) However, the Motion quotes an hourly rate of $200 for Ms. Fornuto. (D.E. 21 at 14.)

post-removal waiver of deficiency which would allow the Court to ignore the removing documents and absolve a defendant of any obligation to comply with the forum defendant rule. (Id.) Fourth, Abadi argues that the Report does not take any policy considerations into account, and that such considerations weigh in favor of a fee award. (Id. at 6-7.) Finally, she objects to Judge Goodman's determination that a reasonable hourly rate for Attorney Fornuto is $150, and instead argues that $200 is reasonable. (Id. at 3.)

## III.   Legal Standard

Upon receipt of the Magistrate Judge's Report and Petitioner's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The court must conduct a de novo review of any part of the Report that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made"). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review." Cuevas on Behalf of Juarbe v. Callahan, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998) (citation omitted).

**IV.  Discussion**

Abadi objects to Judge Goodman's conclusion that she is not entitled to an award of attorneys' fees under 28 U.S.C. § 1447(c), which states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has stated that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin, 546 U.S. at 141.  The question before the Court is whether BMIC had an objectively reasonable basis for seeking removal.  The Court finds that it did not.

As previously stated, the forum defendant rule provides, in relevant part: "A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  Abadi argues that this rule unambiguously prohibited BMIC, a forum defendant, from removing this case to federal court and BMIC therefore had no objectively reasonable basis for seeking removal. (Objections at 3-4.)  The Court agrees—it was not objectively reasonable for BMIC to remove this action in violation of the forum defendant rule, 28 U.S.C. § 1441(b).  See Wolf v. Kennelly, 574 F.3d 406, 411 (7th Cir. 2009) (holding that removal in the face of the forum defendant rule is not objectively reasonable and warrants fees under Section 1447(c)); Guild Mortg. Co. v. Buccat, Civil No. 13–00398 LEK–BMK, 2013 WL 5675540, at *4 (D. Haw. Oct. 17, 2013) (finding that the defendant lacked an objectively

6

reasonable basis for removal because, inter alia, "the removal violated the well-established 'forum defendant rule'"); Value Health Care Servs., LLC v. PARCC Health Care, Inc., No. 3:11–CV–523 (JCH), 2011 WL 2417106, at *3-4 (D. Conn. June 13, 2011) (awarding fees under Section 1447(c) because the defendants' removal violated the "long-established" forum defendant rule and, therefore, they "lacked an objectively reasonable basis for removal"); TCF Nat'l Bank v. W & A Bldg., LLC, No. 10–CV–3096, 2010 WL 4791454, at *2 (N.D. Ill. Nov. 17, 2010) (same); Soanes v. Carolina Cas. Ins. Co., No. CV 10–46–BU–RWA, 2010 WL 5607045, at *3 (D. Mont. Nov. 10, 2010) (same); Piper Jaffray & Co. v. Severini, 443 F. Supp. 2d 1016, 1023 (W.D. Wis. Aug 8, 2006) (same); cf. Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) (awarding attorneys' fees under Rule 11 where the defendant removed a case in violation of the forum defendant rule because "[a] competent attorney, after reasonable inquiry into the applicable law and the facts and procedural history of this case would have known that there was no justification whatever for removal of this action.").

Judge Goodman found that removal was objectively reasonable because a violation of the forum defendant rule is a "procedural" defect that can be waived. (Report at 8 (citing Plombco, 2013 WL 5863571, at *2; Ferrari, 2009 WL 1738350, at *1).) However, Plaintiff did not waive the defect either before or after removal. While the Court can envision a scenario where a forum defendant has an objectively reasonable basis for seeking removal because, for example, it obtained a waiver (or at least a verbal agreement not to seek remand) prior to filing a notice of removal, that did not happen here. Removal in violation of the forum defendant rule is not "objectively reasonable"

7

merely because the defect is "procedural" and not "jurisdictional." See TCF Nat'l Bank, 2010 WL 4791454, at *2 (rejecting the defendant's argument that it had an objectively reasonable basis for removal in violation of the forum defendant rule because the defect is "nonjurisdictional" and removal could have succeeded if the plaintiff had waived the defect); Piper Jaffray, 443 F. Supp. 2d at 1023

"[T]he removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents." Lowery, 483 F.3d at 1211. The approach suggested by Judge Goodman allows a defendant to remove an action with no valid basis for removal contained in the removing documents in the hopes that the plaintiff will later waive the defect. It is not objectively reasonable for a defendant to remove an action in violation of the forum defendant rule based on such misguided optimism. See TCF Nat'l Bank, 2010 WL 4791454, at *2. This is especially so considering the defendant is in the position to conserve the plaintiff's and the court's resources by first conferring with the plaintiff to determine whether she will, in fact, waive the defect. See Martin, 546 U.S. at 140 (noting that a fee award under Section 1447(c) "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ."). If she does waive the defect, the defendant can include the waiver in the removing documents and the court can readily determine the propriety of removal; if she does not waive the defect, remand is required and the defendant has done nothing but waste the court's and the plaintiff's time and resources. See St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc., 774 F. Supp. 2d 596, 600 (D. Del. 2011) ("After a defendant

8

removes a state case to federal court, the plaintiff may file a motion to remand, and <u>the district court must remand</u> . . . if there is a defect in the removal procedure.") (emphasis added); <u>Yount v. Shashek</u>, 472 F. Supp. 2d 1055, 1058-59 (S.D. Ill. 2006) (finding remand was required where the plaintiffs timely objected to removal based on the forum defendant rule). Under Judge Goodman's approach, defendants would be able to waste resources with impunity, rendering the forum defendant rule toothless. See <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) ("[T]hat removal of a case with resident defendants is a procedural defect does not render that defect meaningless[.]").

In sum, the simple fact that a violation of the forum defendant rule is a "procedural defect" is irrelevant to the objective reasonableness of the removal where, as here, the defendant did not seek—and Plaintiff did not provide—a waiver. See <u>TCF Nat'l Bank</u>, 2010 WL 4791454, at *2; <u>Piper Jaffray</u>, 443 F. Supp. at 1023. Notably, the Seventh Circuit views a violation of the forum defendant rule as a "procedural defect," <u>Holstrom v. Peterson</u>, 492 F.3d 833, 838-39 (7th Cir. 2007), but nevertheless holds that such a violation is objectively unreasonable and warrants an award of attorneys' fees under Section 1447, <u>Wolf</u>, 574 F.3d at 411.[3] To hold otherwise would be to convert a statute explicitly prohibiting removal by forum defendants into one encouraging it. The Court

---

[3] The Court further notes that the Ninth Circuit, see <u>Lively v. Wild Oats Mkts., Inc.</u>, 456 F.3d 933, 939 (9th Cir. 2006), and Second Circuit, see <u>Shapiro v. Logistec USA, Inc.</u>, 412 F.3d 307, 313 (2d Cir. 2005), also hold that a violation of the forum defendant rule is a procedural defect, but district courts in those circuits nevertheless find that the violation is not objectively reasonable and warrants an award of attorneys' fees under Section 1447(c). See <u>Guild Mortg</u>, 2013 WL 5675540, at *4; <u>Value Health Care</u>, 2011 WL 2417106, at *3-4; <u>Soanes</u>, 2010 WL 5607045, at *3.

acknowledges that removal in violation of the forum defendant rule is still possible if the plaintiff waives the defect, but that does not render a removal without a waiver objectively reasonable.

For these reasons the Court respectfully declines to adopt Judge Goodman's recommendation to deny Plaintiff's Verified Motion for Attorney's Fees.  However, the Court adopts Judge Goodman's alternative recommendation to reduce the hourly rate for Attorneys Fornuto and Walker, and to reduce the hours reasonably expended for Attorney Fornuto.  (See Report at 16.)

First, Abadi requested that the Court apply a reasonable hourly rate of $200 for Attorney Fornuto and BMIC did not oppose this rate.  (See Motion at 14.)  However, Judge Goodman found that $150 per hour was a reasonable hourly rate for Ms. Fornuto, who has been a licensed attorney in the state of Florida since 2014 and focuses on commercial litigation.  (Report at 12 (citing Squire v. Geico Gen. Ins. Co., 12-23315-CIV, 2013 WL 474705, at *1-2, 5 (S.D. Fla. Feb. 7, 2013) (reducing the hourly rate of an attorney working on an insurance matter, with two years of experience, from $350 to $150)).)  In her Objections, Plaintiff states that "a reasonable hourly rate for Ms. Fornuto is $200 in the relevant Miami-Dade market," but otherwise provides no argument or citation to authority.  "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable"  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).  Because Plaintiff has not established that $200 is a

reasonable fee, the Court adopts Judge Goodman's recommendation with respect to Ms. Fornuto's reasonable hourly rate.

Plaintiff offers no objection to Judge Goodman's recommendations to: (1) reduce Attorney Walker's reasonable hourly rate to $325, (see Report at 12-13 (citing Squire, 2013 WL 474705, at *1-2, 5 (reducing the hourly rate for an attorney working on an insurance matter, with twelve years of experience, from $500 to $325); or (2) reduce the number of hours reasonably expended by Ms. Fornuto, (see id. at 13-16). Therefore, the Court adopts those recommendations and finds that Plaintiff is entitled to an award of attorneys' fees as follows:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Ms. Fornuto | $150 | 24.6 | $3,690 |
| Mr. Butkus | $275 | 8.4 | $2,310 |
| Mr. Walker | $325 | 1.8 | $585 |
| **TOTAL** | | | **$6,585** |

## V. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 25) filed June 24, 2015, is **ADOPTED IN PART** consistent with this Order;

2. Plaintiff's Verified Motion for Attorney's Fees (D.E. 21) filed October 13, 2014, is **GRANTED IN PART** consistent with this Order; and

**3.** Plaintiff shall have and receive attorneys' fees in the amount of $6,585.00 from Defendant, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of August, 2015.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**